UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **Barbara Bernard,** | |
| Plaintiff, | Case No. |
| v. | |
| **Old MV Path Media, LLC, d/b/a The Daily Tip Jar,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Barbara Bernard** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Old MV Path Media, LLC d/b/a The Daily Tip Jar** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Florida and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Florida.

1

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in West Palm Beach, Florida 33415.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 4387 West Swamp Road, #16, Doylestown, Pennsylvania 18902.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, Plaintiff resided in West Palm Beach, Florida.

11. At all times relevant hereto, Plaintiff maintained a cellular telephone which was assigned a "561" area code, the area code associated with Palm Beach County, Florida.

12. Upon information and belief, Defendant regularly does business in the State of Florida.

13. Upon information and belief, Defendant regularly obtains and/or sells data of Florida -based consumers.

14. Upon information and belief, Defendant regularly sends texts messages to consumers in Florida.

15. Defendant sent unsolicited text messages to Plaintiff on her personal cellular telephone with a Palm Beach County area code (561), and seven digit number ending in 4612 beginning in or around September 2020.

16. Through the transmission of each of the aforementioned text messages, Defendant knowingly and deliberately availed itself to this forum state.

17. Plaintiff has only used the subject telephone number as a personal cellular telephone.

18. Plaintiff did not consent to these text messages.

19. Plaintiff has been on the Do Not Call registry since February 2019.

20. When contacting Plaintiff on her cellular telephone, Defendant (directly and/or through its agents) used an automatic telephone dialing system and automatic and/or pre-recorded messages.

21. Upon information and belief, Defendant maintains a stored list of 10 digit telephone numbers of consumers in its database for marketing, collection and communication purposes.

22. Upon information and belief, Defendant utilizes a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

23. The dialing system used by Defendant calls phone numbers stored in those databases.

24. Accordingly, Defendant's dialing system has the capacity to dial numbers using a random or sequential number generator.

25. Upon information and belief, Defendant's dialing system includes equipment which dials from the stored list of 10 digit consumer telephone numbers.

26. Defendant's dialing system employs computer code and/or algorithms which result in it randomly or sequentially generating numbers in order to select and dial the stored 10-digit

consumer telephone number from the list.

27. Furthermore, Defendant's dialing system uses computer code and/or algorithms to determine the orders/sequence of calls to be automatically dialed.

28. The operation of the random/sequential number generator, referred to above results in Defendant's dialing system automatically placing calls to the 10 digit telephone numbers in Defendant's stored list(s).

29. Defendant's text messages were not made for "emergency purposes".

30. Upon information and belief, Defendants conduct business in a manner which violates the Telephone Consumer Protection Act.

31. As a result of the foregoing, Plaintiff experienced stress, annoyance and a sense of an invasion of privacy.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(B)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

34. Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any wireless telephone number, and thus, "call" within meaning of TCPA included text message to consumers' cellular telephones by publisher and mobile marketing firm to advertise publication of novel. Telephone Consumer Protection Act

of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). 1.  Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009)

35. Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

36. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

37. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

38. Defendant's text messages were not made for "emergency purposes."

39. Defendant's text messages to Plaintiff's cellular telephone were without any prior express consent.

40. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since February of 2019.

41. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

42. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

43. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## **DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

44. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

45. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

46. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since February of 2019.

47. Defendant texted Plaintiff on one or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

48. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

49. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

50. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages

**Wherefore**, Plaintiff, **Barbara Bernard,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

      b.      Statutory damages of $500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

      c.      Additional statutory damages of $500.00 per text/call (as provided under 47 U.S.C. §227(c));

      d.      Treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3));

      e.      Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

      f.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)); and

      g.      Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Barbara Bernard,** demands a jury trial in this case.

Respectfully submitted,

Dated: 05/24/2021

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com