## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**Barbara Bernard,**

         **Case No. 9:21-cv-80927**

    **Plaintiff,**

**v.**

**Old MV Path Media, LLC, d/b/a**
**The Daily Tip Jar,**

    **Defendant.**

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, Old MV Path Media, LLC, d/b/a The Daily Tip Jar, files this Answer with Affirmative Defenses.

## INTRODUCTION

1.  Defendant admits that the Complaint purports to allege violations under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*, but denies that Plaintiff, Barbara Bernard ("Plaintiff"), has any viable claims under the statute or any right to recovery thereunder.

## JURISDICTION AND VENUE

2.  Defendant denies the allegations in paragraph 2.

3.  Defendant denies the allegations in paragraph 3.

4.  Defendant denies the allegations in paragraph 4.

## PARTIES

5.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 5, and on that basis denies the allegations.

6.     The allegations of paragraph 6 are, or purport to be, statements of law for which no response is required.  To the extent that a response is required, Defendant denies the allegations.

7.     Defendant admits that it is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania.

8.     The allegations of paragraph 8 are, or purport to be, statements of law for which no response is required.  To the extent that a response is required, Defendant denies the allegations.

9.     Defendant denies the allegations in paragraph 9.

## FACTUAL ALLEGATIONS

10.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 10, and on that basis denies the allegations.

11.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 11, and on that basis denies allegations.

12.     Defendant denies the allegations in paragraph 12.

13.     Defendant admits that it obtains prior express written consent from persons, including Florida resident; otherwise, the allegations are denied.

14.     Defendant denies the allegations in paragraph 14.

15.     Defendant denies the allegations in paragraph 15.

16.     Defendant denies the allegations in paragraph 16.

17.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 17, and on that basis denies the allegations.

18.     Defendant denies the allegations in paragraph 18.

19.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 19, and on that basis denies the allegations.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant admits that any numbers dialed are from lists are neither produced nor stored using a random or sequential number generator. Otherwise, Defendant denies the allegations in paragraph 21.

22.     Defendant denies the allegations in paragraph 22.

23.     Defendant admits that any numbers dialed are from lists are neither produced nor stored using a random or sequential number generator. Otherwise, Defendant denies the allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant denies the allegations in paragraph 25.

26.     Defendant denies the allegations in paragraph 26.

27.     Defendant denies the allegations in paragraph 27.

28.     Defendant denies the allegations in paragraph 28.

29.     The allegation calls for a legal conclusion; to the extent a response is required, Defendant denies the allegation.

30.     Defendant denies the allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31.

### COUNT I: VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)

32.     Defendant reasserts its responses to paragraphs 1-31 here.

33.     The allegations of paragraph 33 are, or purport to be, statements of law for which no response is required.  Defendant denies the allegations to the extent they vary, in any way, from the plain language of the statute.

34.     The allegations of paragraph 34 are, or purport to be, statements of law for which no response is required.  Defendant denies the allegations to the extent they vary, in any way, from the plain language of the statute.

35.     Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations in paragraph 36.

37.     Defendant denies the allegations in paragraph 37.

38.     The allegations in paragraph 38 are, or purport to be, statements of law for which no response is required. To the extent a response is required, Defendant denies the allegation.

39.     Defendant denies the allegations in paragraph 39.

40.     Defendant denies the allegations in paragraph 40.

41.     Defendant denies the allegations in paragraph 41.

42.     Defendant denies the allegations in paragraph 42.

43.     Defendant denies the allegations in paragraph 43.

## COUNT II: VIOLATIONS OF THE TCPA 47 U.S.C. § 227(c)

44.     Defendant reasserts its answers to paragraphs 1-31 here.

45.     The allegations of paragraph 45 are, or purport to be, statements of law for which no response is required.  To the extent that a response is required, Defendant denies the allegations.

46.     Defendant denies the allegations in paragraph 46.

47.     Defendant denies the allegations in paragraph 47.

48.     Defendant denies the allegations in paragraph 48.

49.     Defendant denies the allegations in paragraph 49.

50.     Defendant denies the allegations in paragraph 50.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.     Prior express consent, as well as prior express written consent, including despite being listed on any Do-Not-Call List, was obtained for the purpose of contacting the phone number at which Plaintiff alleges to have received the subject text message(s) and/or telephone call(s) and therefore, Plaintiff's claims must fail.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff fails to state a claim on which the Court could grant relief. She fails to plead facts sufficient to prove a violation of the TCPA that this

Court could redress with a judgment. She fails to plead that Defendant **used** a random or sequential number generator to produce its contact list.

## THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff lacks standing to bring the claims purportedly being asserted. She alleges no additional harm beyond a mere statutory violation.

## FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiff has not suffered concrete and particularized injuries.

## FIFTH AFFIRMATIVE DEFENSE

5.    Defendant incorporates by reference all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth herein.

## SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiff's claims are barred because any alleged acts or omissions of Defendant giving rise to the alleged claims were the result of an innocent mistake and/or bona fide error notwithstanding Defendant's established and implemented reasonable practices and procedures to effectively prevent telephone solicitations in alleged violation of the regulations prescribed by 47 U.S.C. § 227.   Defendant acted at all times in a reasonable manner in connection with the events at issue in this case.

## **SEVENTH AFFIRMATIVE DEFENSE**

7.      Plaintiff cannot maintain this action by virtue of agreement to be bound by binding mandatory arbitration provisions contemporaneous with provision of express written consent to be contracted by or on behalf of Defendant.

## **EIGHTH AFFIRMATIVE DEFENSE**

8.      Any loss, injury, or damage incurred by Plaintiff was proximately caused by the acts of third parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of Defendant.

## **NINTH AFFIRMATIVE DEFENSE**

9.      Any loss, injury, or damage incurred by Plaintiff was caused by independent contractors for whose actions Defendant is not liable.

## **TENTH AFFIRMATIVE DEFENSE**

10.     Plaintiff has not suffered any damages due to Defendant's alleged actions.

## **ELEVENTH AFFIRMATIVE DEFENSE**

11.     Plaintiff failed to mitigate damages, if any.

## **TWELFTH AFFIRMATIVE DEFENSE**

12.     An automatic telephone dialing system as that term is defined by 47 U.S.C. § 227, the implementing regulations promulgated thereunder, the

Federal Communications Commission's rulings and/or decisional law interpreting same was not used to place the subject text messages.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims are barred by the statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff has failed to join all necessary and/or indispensable parties to the action.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     The TCPA violates the First Amendment to the United States Constitution because it is an unconstitutional regulation of free speech.

Wherefore, the Defendant, Daily Tip Jar, requests this Court:

    a.  Enter judgment in Daily Tip Jar's favor on all counts;

    b.  Award Daily Tip Jar its reasonable attorney's fees and costs; and

    c.  Award any further relief that this Court deems appropriate.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Barbara Bernard,

                                      Case No. 9:21-cv-80927

          Plaintiff,

v.

Old MV Path Media, LLC, d/b/a
The Daily Tip Jar,

          Defendant.

_____/

## COUNTERCLAIMS

Old MV Path Media, LLC, d/b/a The Daily Tip Jar ("Daily Tip Jar"),
asserts counterclaims against Barbara Bernard ("Bernard") as follows:

### JURISDICTION, VENUE, AND PARTIES

1.    Because these counterclaims relate to Bernard's claims and have
a common nucleus of fact, this Court has supplemental jurisdiction over the
counterclaims under 28 U.S.C. § 1367.

2.    Venue is proper in this Court because the Bernard has asserted
her claims against Daily Tip Jar in this Court.

3.    Daily Tip Jar is a limited liability company organized and existing
under the laws of the Commonwealth of Pennsylvania.

4.    Bernard is an individual who resides in West Palm Beach, Florida.

## **FACTUAL ALLEGATIONS**

5.      On September 19, 2020, a user believed to be Bernard, or a third-party acting either at Bernard's direction or with her knowledge and consent, visited win.click4riches.info, an Internet property owned and/or operated by Daily Tip Jar, on two separate occasions whereupon she voluntarily submitted the following information:

First Name:            Beatrice
Last Name:            Delinois
Telephone Number:   (561) ███-4612
Zip Code:               33404
Date of Birth:          ██████
Email:                   ████████@icloud.com

6.      The user affirmatively provided the information in the empty fields located directly above the following disclaimer language:

By checking the box below, I provide my signature expressly consenting to receive sales calls and/or text messages from an automatic telephone dialing system and/or prerecorded calls from C4R Media Corp or our marketing partners at the cellular/landline telephone number I have provided above, regardless of this number being listed on any federal or state Do Not Call registry. Message and data rates may apply. Get approximately 30 messages per month. Reply "STOP" to any message to cancel. I understand that consent is not required to enter the sweepstakes. In order to register without providing consent, leave this box unchecked.

7.      The term "marketing partners" included a hyperlink which, when clicked, displayed The Daily Tip Jar as an entity to which prior express consent

was given for the purposes of being contacted by autodialer or prerecorded

messaged regardless of whether the number had previously been registered on

a state or federal do-not-call registry.

8.     The foregoing disclaimer was located directly above an

unpopulated check box, which the user affirmatively checked, directly above

the "Continue" button and next to the following language:

> [] I CONFIRM that all of my information is accurate
> and consent to be called as provided above.

9.     On September 19, 2020, a user believed to be Bernard, or a third-

party acting either at Bernard's direction or with her knowledge and consent,

visited win.click2win4life.com, an Internet property owned and/or operated by

Daily Tip Jar, on two separate occasions where she voluntarily submitted the

following information:

| | |
|---|---|
| Name: | Beatrice Delinois |
| Address: | 130 West ███████ Riviera Beach |
| Zip Code: | 33404 |
| Date of Birth: | ████████ |
| Telephone Number: | (561) ███-4612 |

10.     The user affirmatively provided the information in the empty

fields located directly above the following disclaimer language:

> By checking the box below, I provide my signature
> expressly consenting to receive sales calls and/or text
> messages from an automatic telephone dialing system
> and/or prerecorded calls from C4R Media Corp or our
> marketing partners at the cellular/landline telephone
> number I have provided above, regardless of this

number being listed on any federal or state Do Not
Call registry. Message and data rates may apply. Get
approximately 30 messages per month. Reply "STOP"
to any message to cancel. I understand that consent is
not required to enter the sweepstakes. In order to
register without providing consent, leave this box
unchecked.

11.     The term "marketing partners" included a hyperlink which, when
clicked, displayed The Daily Tip Jar as an entity to which prior express consent
was given for the purposes of being contacted by autodialer or prerecorded
messaged regardless of whether the number had previously been registered on
a state or federal do-not-call registry

12.     The foregoing disclaimer was located directly above an
unpopulated check box, which the user affirmatively checked, directly above
the "Continue" button and next to the following language:

        [] I CONFIRM that all of my information is accurate
        and consent to be called as provided above.

13.     On October 16, 2020, a user believed to be Bernard, or a third-
party acting either at Plaintiff's direction or with Plaintiff's knowledge and
consent, visited win.omgsweeps.info, an Internet property owned and/or
operated by Daily Tip Jar, on two separate occasions whereupon she
voluntarily submitted the following information:

        First Name:          Beatrice
        Last Name:           Delinois
        Zip Code:            33404
        Address:             130 West ███████  Riviera Beach

Date of Birth:
Telephone Number:    (561) ▮ -4612

14.     The user affirmatively provided the information in the empty

fields located directly above the following disclaimer language:

> By checking the box below, I provide my signature
> expressly consenting to receive sales calls and/or text
> messages from an automatic telephone dialing system
> and/or prerecorded calls from C4R Media Corp or our
> marketing partners at the cellular/landline telephone
> number I have provided above, regardless of this
> number being listed on any federal or state Do Not
> Call registry. Message and data rates may apply. Get
> approximately 30 messages per month. Reply "STOP"
> to any message to cancel. I understand that consent is
> not required to enter the sweepstakes. In order to
> register without providing consent, leave this box
> unchecked.

15.     The term "marketing partners" included a hyperlink which, when

clicked, displayed The Daily Tip Jar as an entity to which prior express consent

was given for the purposes of being contacted by autodialer or prerecorded

messaged regardless of whether the number had previously been registered on

a state or federal do-not-call registry

16.     This disclaimer was located directly above an unpopulated check

box, which the user affirmatively checked, directly above the "Continue" button

and next to the following language:

> [] I CONFIRM that all of my information is accurate
> and consent to be called as provided above.

17.     Bernard's (or her agents') visits to Daily Tip Jar's Internet properties and providing prior express consent to receive telephone calls and/or text messages as described, were part of Bernard's scheme to actively and affirmatively solicit telephone calls and/or text messages for the sole purpose of filing lawsuits arising from receipt of those calls and/or messages at telephone number (561) ███-4612 (the "Telephone Number").

## Count I: Fraud

18.     Daily Tip Jar reasserts paragraphs 1-17 here.

19.     Bernard engaged in deceitful conduct by actively and affirmatively soliciting telephone calls and/or text messages for the sole purpose of filing lawsuits arising from receipt of those calls and/or text messages.

20.     To accomplish her scheme, Bernard herself or through agents submitted the Telephone Number to actively solicit businesses to place calls and send text messages to the Telephone Number for the sole purpose of filing lawsuits alleging that those calls and/or messages violate the TCPA.

21.     In those submissions, Bernard, or agents acting on her behalf, made material, false representations about the owner of the Telephone Number.

22.     When Bernard or her agents made these false statements, they knew the statements were false.

23.     Bernard's agents had actual or apparent authority to act on Bernard's behalf.

24.     Bernard ratified her agents' conduct by accepting the "benefit" of receiving calls or text messages that led to this lawsuit

25.     As part of her scheme, Bernard intended to actively and affirmatively solicit telephone calls and/or text messages for her own benefit and to harm Daily Tip Jar by bringing this lawsuit.

26.     Bernard intended Daily Tip Jar rely on her false statements so that she could file TCPA claims based on the calls or text messages resulting from her fraudulent registrations.

27.     Daily Tip Jar justifiably relied on Bernard's (or her agents') representations, including Bernard's scheme, causing Daily Tip Jar to incur excessive business operational costs and associated expenditures with running its business.

28.     Daily Tip Jar believed that Bernard's representations were true and were ignorant of their falsity at the time when Bernard (or her agents) actively and affirmatively solicited telephone calls and/or text messages for the sole purposes of filing multiple lawsuits.

29.     As a proximate result of Daily Tip Jar's reliance on Bernard's deceitful representations, it suffered damages in an amount to be determined at trial.

## Count II: Tortious Interference with a Business Relationship

30.     Daily Tip Jar reasserts paragraphs 1-17 here.

31.     Daily Tip Jar provides consent-based marketing services to its customers and online business partners.

32.     Daily Tip Jar has developed business relationships with its online business partners over time.

33.     Daily Tip Jar relied on Bernard's (or her agents') active and affirmative representations to solicit telephone calls and/or text messages in negotiating and fulfilling marketing agreements with Defendant's third-party business partners.

34.     Bernard knew or should have known that Daily Tip Jar had relationships with advertisers, marketers, and businesses that would be affected by her deceitful conduct.

35.     Bernard's actions and her scheme, Defendant has sustained a loss of business relationships with its online marketing business partners.

36.     As a result of Bernard's interference, Daily Tip Jar has sustained monetary losses in an amount to be determined at trial.

## Count III: Breach of Contract

37.     Daily Tip Jar reasserts paragraphs 1-17 here.

38.     Daily Tip Jar provides its clients with online consent-based marketing services.

39.     Bernard, herself or through her authorized agents, entered into a contract with C4R Media Corp. by agreeing to receive telephone calls and/or text messages.

40.     Daily Tip Jar, as an explicitly listed marketing partner, became an intended party or third-party beneficiary to the consent contracts.

41.     Daily Tip Jar is entitled to enforce the consent contracts against Bernard.

42.     Bernard, herself or through authorized agents, accepted the terms of the consent contracts, including agreeing to receive telephone calls and/or text messages.

43.     Bernard breached the contracts by bringing this lawsuit.

44.     Daily Tip Jar has performed all of its contractual obligations and is otherwise in compliance with the contracts.

45.     As a proximate result of the breach of the agreement, including those express communications, solicitations and representations made by Plaintiff, personally or as custodian of the Telephone Number, Defendant has sustained monetary damages, in the amount to be determined at trial.

## Count V: Injunctive Relief

46.     Daily Tip Jar reasserts paragraphs 1-17 here.

47. Daily Tip Jar has a clear legal right to be free from Bernard's harassment, exhibited by her fraudulently singing up to receive text messages and phone calls multiple times.

48. Daily Tip Jar has no adequate remedy at law to prevent Bernard from engaging in the same conduct in the future and creating new TCPA lawsuits.

49. If Bernard's scheme is permitted to continue, she can inflict irreparable harm on Daily Tip Jar in the form of reputational damages, damages to business relationships, potential incitement of government action against Daily Tip Jar, as well as damages that may not be recoverable at law.

50. Even placing the Telephone Number on an internal Do Not Call list would not create a remedy against Bernard using a different phone number, whether acquired or used with permission, to engage in the same pattern pf behavior.

51. Daily Tip Jar is entitled to a preliminary injunction to prevent any further harm during the course of this litigation and entitled to a permanent injunction against Bernard enjoining her from engaging Daily Tip Jar or its marketing partners in a manner consistent with the fraudulent conduct described in these counterclaims.

**Daily Tip Jar reserves the right to amend its Counterclaims to include specific allegations supporting an award of punitive damages.**

WHEREFORE, Daily Tip Jar requests this Court:

a.   Take jurisdiction of these Counterclaims;

b.   Enter judgment in favor of Daily Tip Jar on all counts;

c.   Award Daily Tip Jar damages;

d.   Enter a permanent injunction against Bernard and her agents;

e.   Award Daily Tip Jar its reasonable attorney's fees and costs; and

f.   Award any further relief that this Court deems appropriate.

## CERTIFICATE OF SERVICE

I certify that a copy of the Answer and Counterclaims has been sent to all counsel of record by CM/ECF on August 6, 2021.

/s Jacob A. Brainard

**Jacob A. Brainard**
Florida Bar No. 0092278
**Klein Moynihan Turco LLP**
450 Seventh Avenue, 40th Floor
New York, New York 10123
Email: jbrainard@kleinmoynihan.com
*Attorneys for Daily Tip Jar*